UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SAMUEL WHITING, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-301-SKL |
| | ) | |
| ROBERT E. COOPER, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Plaintiffs' motion to continue [Doc. 75]. Plaintiffs seek to continue all deadlines in this matter, and request that the Court issue a new scheduling order. Plaintiffs represent "that all attorneys involved in this matter are in agreement that this matter should be continued." [Doc. 75 at Page ID # 373].

The decision regarding whether to grant a continuance is within the discretion of the Court. *Bennett v. Scroggy*, 793 F.2d 772, 774 (6th Cir. 1986) (citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)); *see also Trimbur v. Kentucky Lottery Corp.*, 64 F. App'x 970, 975 (6th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, the Local Rules of this Court state "[c]ases shall not be continued upon stipulation of counsel. Continuances will be granted only upon written motion with a supporting affidavit and a showing of good cause." E.D. Tenn. L. R. 38.2. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (internal citations omitted). "A district court should also consider possible prejudice to the party opposing the modification." *Id.*

Here, Plaintiffs have not shown good cause for the requested continuance. Plaintiffs' only given reason for the continuance is that discovery has not been completed. This fails to demonstrate any diligence by Plaintiffs to meet the scheduling order's deadlines. Although the continuance is unlikely to prejudice Defendants given Plaintiffs' representation that all parties are in agreement, that is insufficient reason for the Court to grant the continuance.

Accordingly, the motion to continue [Doc. 75] is **DENIED**. The parties may, however, submit a properly supported motion if they contend good cause exists for modification of the Court's scheduling order.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE