UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SAMUEL WHITING, *et al.*,                )
                                         )
       Plaintiffs,                )
                                         )
v.                                       )      No. 1:12-cv-301-SKL
                                         )
ROBERT E. COOPER, JR.,                   )
Tennessee Attorney General, *et al.*,    )
                                         )
       Defendants.                )

## MEMORANDUM

Before the Court is a motion for summary judgment [Doc. 95] filed by Defendants Kevin Hoppee and David McGill.[1] Defendants Hoppee and McGill seek summary judgment on Plaintiffs' claims under 42 U.S.C. § 1983, as well as a several state law claims asserted against them by Plaintiffs.

For the reasons explained below, the motion for summary judgment filed by Defendants Hoppee and McGill [Doc. 95] will be **GRANTED** and the federal claims against them will be **DISMISSED WITH PREJUDICE**.

---

[1] Defendants Hoppee and McGill also filed a memorandum in support of their motion for summary judgment [Doc. 96], along with deposition excerpts and exhibits. Plaintiffs have filed a response in opposition [Doc. 101] to the motion for summary judgment, along with exhibits in support. Defendants Hoppee and McGill filed a timely reply brief [Doc. 103], along with additional deposition excerpts. Plaintiffs filed a supplement to their response [Doc. 106], with additional deposition excerpts and exhibits. Additionally, Defendants Hoppee and McGill filed a statement of material facts [Doc. 97], to which Plaintiffs responded [Doc. 102], and to which Defendants Hoppee and McGill replied [Doc. 104]. This matter is now ripe for adjudication, and the Court has considered all argument and evidence submitted by the parties.

## I. BACKGROUND

The undisputed material facts relevant to the pending motion follow. On December 20, 2009, Defendant Hoppee, a Trooper with the Tennessee Highway Patrol, pulled over a vehicle being driven by Plaintiff Samuel Whiting on Interstate 75 in McMinn County, Tennessee. [Doc. 102 at ¶ 6]. Defendant Hoppee issued traffic citations to Plaintiff Samuel Whiting for speeding and for failing to wear his seatbelt. [*Id.* at ¶ 7]. Plaintiff Samuel Whiting appeared in McMinn County General Sessions Court on January 22, 2010 for his traffic citations, and he requested a jury trial. [*Id.* at ¶¶ 8-9]. Plaintiff Samuel Whiting's case was bound over to the grand jury, which indicted him for speeding. [*Id.* at ¶¶ 10-11]. A trial was set for June 8, 2010, with a pretrial conference scheduled for June 7, 2010. [*Id.* at ¶ 12]. On June 7, 2010, the judge assigned to the case denied Plaintiff Samuel Whiting's request for a jury trial. [*Id.* at ¶ 14]. Neither Defendant McGill nor Defendant Hoppee had any role in the decision to deny the request for a jury trial. [*Id.* at ¶15]. On the date of the scheduled trial, June 8, 2010, the judge dismissed the case without prejudice. [*Id.* at ¶ 16]. Later that same day, Defendant Hoppee reissued the traffic citations against Plaintiff Samuel Whiting. [*Id.* at ¶ 17]. The McMinn County Sheriff's Department attempted to serve Plaintiff Samuel Whiting with a warrant on numerous occasions, with the last attempt occurring around Christmas of 2010. [*Id.* at ¶ 18; Doc. 96 at Page ID # 587; Doc. 101 at Page ID # 697]. Plaintiff Samuel Whiting was never served with the warrant, and the charges were nolle prosequied on September 9, 2011. [Doc. 102 at ¶¶ 20-21].

On May 31, 2012, the Tennessee Highway Patrol received a complaint from a citizen that parked vehicles were obstructing the view of motorists exiting from a side street adjacent to

Plaintiff Glenn Whiting's automotive repair shop.[2] [*Id.* at ¶ 23]. Officers from the Tennessee Highway Patrol were dispatched to the scene, but neither Defendant Hoppee nor Defendant McGill were present for the events that took place at the shop that day. [*Id.* 102 at ¶¶ 24-25].

Plaintiffs Samuel Whiting and Glenn Whiting initially filed this action on September 7, 2012. [Doc. 1]. Plaintiffs have since amended their complaint twice, and have voluntarily dismissed several of the original defendants. [Docs. 2; 42; 79; 93]. The only defendants remaining are Defendant Hoppee and Defendant McGill (hereafter "Defendants"). Plaintiffs' second amended complaint makes the following claims against Defendants:

> This is an action for damages authorized by Title 42 USC §§1983 and 1988 to secure the rights and privileges established by the provisions of the 4th and 14th amendments to the Constitution of the United States and under the laws of the United States, particularly the Civil Rights Act, 42 USC §1983 for abuse of process and denial of due process, and under state law for official oppression/misconduct/ civil harassment/intimidation, civil conspiracy, and negligent and/or intentional infliction of emotional distress, and therefore plaintiff asks this court to exercise pendant jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

[Doc. 79 at Page ID # 383]. Plaintiffs request compensatory damages of $250,000.00, punitive damages of $250,000.00, attorney's fees, costs and expenses, and such other general relief the Court deems appropriate. [*Id.* at Page ID # 402-03].

## II. STANDARD

Summary judgment is mandatory where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that *matters*—i.e., a fact that, if found to be true, might "affect the

---

[2] Plaintiffs admit that Defendant McGill testified that a citizen complaint was received by the Tennessee Highway Patrol, but denies that Plaintiff Glenn Whiting testified about a citizen complaint.

3

outcome" of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The applicable substantive law provides the frame of reference to determine which facts are material. *Anderson*, 477 U.S. at 248. A "genuine" dispute exists with respect to a material fact when the evidence would enable a reasonable jury to find for the non-moving party. *Id.*; *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). In determining whether a dispute is "genuine," the court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson*, 477 U.S. at 249. Instead, the court must view the facts and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports*, 253 F.3d at 907. A mere scintilla of evidence is not enough to survive a motion for summary judgment. *Anderson*, 477 U.S. at 252; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The moving party bears the initial burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. James*, No. 7:09-CV-98 (HL), 2011 WL 837179, at *1 (M.D. Ga. Feb. 2, 2011). The movant must support its assertion that a fact is not in dispute by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c). If the moving party carries this burden, the opposing party must show that there is a genuine dispute by either "citing to [other] particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." *Id.* In reply, the movant may then attempt to show that the materials cited by the nonmovant "do not establish the . . . presence of a genuine dispute." *Id.* Either party may also attempt to challenge the admissibility of its opponent's evidence. *Id.*

The court is not required to consider materials other than those specifically cited by the

4

parties, but may do so in its discretion. *Id.* If a party fails to support its assertion of fact or to respond to the other party's assertion of fact, the court may "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

Plaintiffs allege federal claims under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Plaintiffs also allege a number of state law claims. The Court will consider Plaintiffs' federal claims first.

### A. Federal Claims

To state a general claim under 42 U.S.C. § 1983, a plaintiff must "demonstrate that a person acting under color of state law 'deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (alteration in original) (citing *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). Accordingly, the Court must determine whether Plaintiffs have demonstrated a deprivation of rights secured by the Constitution.

#### 1. Plaintiff Glenn Whiting's Federal Claims

A § 1983 claim is "entirely personal to the direct victim of the alleged constitutional tort," and thus "only the purported victim . . . may prosecute a section 1983 claim." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted). Here, Plaintiffs and Defendants agree that Plaintiff Glenn Whiting has no standing to bring a § 1983 claim, as he was not the direct victim and cannot bring a § 1983 claim on behalf of his son, Plaintiff Samuel Whiting. Plaintiffs agree that any claim brought or perceived to have been brought by Plaintiff Glenn

5

Whiting under § 1983 should be dismissed. Accordingly, the Court **CONCLUDES** that summary judgment is appropriate for Defendants on Plaintiff Glenn Whiting's federal claims brought under § 1983.

## 2. Plaintiff Samuel Whiting's Federal Claims

Plaintiff Samuel Whiting alleges that his Fourth and Fourteenth Amendment rights under the United States Constitution have been violated by Defendants' actions. In Plaintiffs' complaint, Plaintiff Samuel Whiting alleges claims of denial of due process as well as abuse of process, and he alleges that these claims are a "continuing and ongoing violation of his due process rights." [Doc. 79 at ¶¶ 76-78]. Plaintiff Samuel Whiting bases his due process claims on the denial of a jury trial; the denial of a trial of any sort; the cases against him being open and active in both the general sessions and circuit court, which he states left him open to further criminal jeopardy; the manner in which the charges against him were handled; the filing of the warrants in general sessions court prior to the circuit court rendering a decision on his pending motions; the state's attempt to prosecute him in general sessions court prior to the expiration of time for Plaintiff Samuel Whiting to file a motion in response to the circuit court's dismissal without prejudice; the state's actions in changing the allegations as to his speed from 79 miles per hour in a 70 mile per hour zone to 85 miles per hour in a 70 mile per hour zone; and the state's actions in changing the area of the violation from a rural area to a construction area. [*Id.* at ¶¶ 76, 77, 79, 80].

As stated above, in order to state a general claim under 42 U.S.C. § 1983, a plaintiff must "demonstrate that a person acting under color of state law 'deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker*, 649 F.3d at 432 (citing *Bennett*, 410 F.3d at 817). Accordingly, the Court must address whether Plaintiff Samuel

Whiting has created a question of fact regarding a deprivation of rights secured to him by the Constitution.

Defendants make three arguments as to why they are entitled to summary judgment on Plaintiff Samuel Whiting's § 1983 claims. First, Defendants argue that the statute of limitations bars the § 1983 claims as a matter of law. Second, Defendants argue that Defendant Hoppee was not personally involved in the alleged unconstitutional activity set out in the complaint. Third, Defendants argue that Defendant McGill was not personally involved in the alleged unconstitutional activity.

### a. Statute of Limitations

"Where, as here, Defendants have moved for summary judgment on statute of limitations grounds, summary judgment is appropriate if the limitations period has expired, and there is no issue of material fact as to when [Plaintiffs'] cause of action accrued." *Panzica v. Corr. Corp. of Am.*, No. 13-6018, 2014 WL 1012518, *2 (6th Cir. Mar. 17, 2014) (citing *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). For § 1983 actions alleging a violation of civil rights, the applicable statute of limitations "is the state statute of limitations applicable to personal injury actions under the law of the state where the § 1983 claim arises." *Wilhite v. Corr. Corp. of Am.*, 498 F. App'x 499, 502 (6th Cir. 2012) (citing *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). In Tennessee, the relevant statute of limitations is one year. *Id.* (citing Tenn. Code. Ann. § 28-3-104). Federal law governs when the statute of limitations begins to run for a § 1983 claim, "and under federal law, 'the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id.* (quoting *Arauz v. Bell*, 307 F. App'x 923, 927 (6th Cir. 2009); *see also Getsy v. Strickland*, 577 F.3d 309, 311 (6th Cir. 2009) ("In determining when the cause of

7

action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights."). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

The initial complaint in this case was filed on September 7, 2012 [Doc. 1]. Thus, the cause of action giving rise to Plaintiff Samuel Whiting's § 1983 claims must have accrued no earlier than September 7, 2011. Defendants argue that the cause of action accrued by June 8, 2010, as Plaintiff Samuel Whiting's request for a jury trial was denied on June 7, 2010 and the case was dismissed without prejudice on June 8, 2010. Plaintiff Samuel Whiting contends that the cause of action accrued at a later date, because the issuance and attempted service of the second set of citations and criminal summons upon Plaintiff Samuel Whiting (along with the changes to reflect a higher speed in a construction zone) caused the due process violations to be ongoing. Plaintiff Samuel Whiting contends that until the citations were nolle prosequied and the summons recalled on September 9, 2011, the abuse of process was ongoing, and he therefore contends that the continuing violation doctrine applies.

In actions brought under § 1983, the United States Court of Appeals for the Sixth Circuit ("the Sixth Circuit") recognizes the continuing violation doctrine, which "allows the court to . . . consider as timely all relevant violations including those that would otherwise be time-barred." *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466 (6th Cir. 2010) (citations and internal quotation marks omitted). For the continuing violation doctrine to apply, the alleged acts that would otherwise be time-barred must be "sufficiently related to" the acts falling within the statute of limitations period. *Id.* (quoting *Sharpe v. Cureton*, 319 F.3d 259, 268-70 (6th Cir. 2003)). The Sixth Circuit has made it clear that "[d]iscrete discriminatory acts are not actionable

8

if time barred, even when they are related to acts alleged in timely filed charges," but rather, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Importantly, "a continuing violation 'is occasioned by continual unlawful acts, not continual ill effects from an original violation.'" *Id.* (quoting *Eidson*, 510 F.3d at 635).

Plaintiff Samuel Whiting's contention that any due process violation was ongoing until the charges were dropped on September 9, 2011 fails as a matter of law. Anything that could possibly be attributable to either Defendant during the period of September 7, 2011 to September 9, 2011 is at most a continuing ill effect from some original violation, not continuing unlawful acts by either Defendant. Plaintiff Samuel Whiting has not presented any material question of fact regarding the statute of limitations, including any action by either Defendant McGill or Defendant Hoppee which occurred on or after September 7, 2011. I **CONCLUDE** the continuing violation doctrine does not apply here and thus **CONCLUDE** that Plaintiff Samuel Whiting's § 1983 claims are time-barred by the statute of limitations. Accordingly, I **CONCLUDE** that summary judgment is appropriate for Defendants on Plaintiff Samuel Whiting's federal claims.

    b.  **Personal Involvement by Defendants**

Because of the above determination that the statute of limitations bars Plaintiff Samuel Whiting's § 1983 claims against Defendants, the Court need not address Defendants' arguments regarding their lack of personal involvement.

  **B.**  **State Claims**

Plaintiffs also assert a number of state claims against Defendants. Specifically, Plaintiffs assert a claim for civil conspiracy under Tenn. Code. § 39-12-103, a claim for official

9

oppression, and claims for both negligent and intentional infliction of emotion distress. These state law claims may be heard by the Court through the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, but the exercise of federal supplemental jurisdiction is discretionary. District courts may properly decline to exercise supplemental jurisdiction over a state law claim when the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). In making this discretionary decision, a district court should weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). When all federal claims have been dismissed, the preferred disposition of state law claims is dismissal, or, where a case has come into federal court on removal, remand to state court. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). A federal district court should only exercise its discretion to retain supplemental jurisdiction after dismissing federal claims under limited circumstances, which frequently involve some degree of forum manipulation. *See Carnegie-Mellon*, 484 U.S. at 357. In the exercise of its discretion, and because no federal claims remain in the instant action, the Court will **DISMISS** Plaintiffs' state claims **WITHOUT PREJUDICE**.

IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion for summary judgment [Doc. 95] with respect to Plaintiffs' federal claims, which will be **DISMISSED WITH PREJUDICE**. In the exercise of its discretion, the Court will **DISMISS** Plaintiffs' state claims **WITHOUT PREJUDICE**. There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** this case.

10

A **JUDGMENT ORDER** shall enter.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

11